IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRODERICK PATTERSON,          *
  #351485
                 Petitioner,
        v.                 *   Civil Action No. DKC-12-3111

WAYNE WEBB ,            *
               Respondent.
                      ***

## MEMORANDUM OPINION

On October 17, 2012,[1] Petitioner Broderick Patterson filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 2008 conviction for identity fraud, theft, and conspiracy to commit theft.  ECF No. 1.  Respondent filed a limited answer with exhibits, addressing only the issue of exhaustion.  ECF No. 5.  Petitioner filed a reply to Respondent's limited answer. ECF No. 6.  At the court's direction, Respondent thereafter filed a supplemental answer, ECF No. 13, to which Petitioner filed a supplemental reply, ECF No. 16, followed by an additional supplemental reply, ECF No. 21.  After reviewing the filings, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).   For the reasons set forth herein, the court shall dismiss the Petition.

## Factual and Procedural History

On June 26, 2008, after a jury trial, Petitioner was convicted in the Circuit Court for Baltimore County of identity fraud, theft, and conspiracy to commit theft.  ECF No. 5-1, p. 7.[2] Through counsel, he filed a notice of appeal on July 1, 2008.  *Id.*  Petitioner raised the following

---

[1]      The Petition, received on October 19, 2012, is dated October 17, 2012, and is deemed filed on that date.

[2]      Citation reflects that of the electronic docket.

issues:  "Was there sufficient evidence to sustain appellant's conviction;" and "Did the circuit court err in making statements regarding the anticipated brevity of appellant's trial."[3]  ECF No. 5-2, p. 2.  On April 19, 2010, the Maryland Court of Special Appeals affirmed the Circuit Court's judgment.  *Id.*, p. 17.  The court's mandate issued on May 19, 2010.  *Id.*  Petitioner, through counsel, filed a petition for writ of certiorari to the Court of Appeals of Maryland, raising a single issue:  "Is a defendant's mere presence at the scene of the crime — without any facts demonstrating the defendant's knowledge of, or involvement in, the crime — sufficient to satisfy the accomplice corroboration rule?"  ECF No. 5-3, p. 4.  The Court of Appeals denied Petitioner's request for review on August 23, 2010.  ECF No. 5-4.

In the meantime, Petitioner filed a number of motions in the circuit court: a motion for modification of sentence (July 2, 2008); an application for review by a three-judge panel (July 14, 2008); and a motion for a new trial (May 13, 2009).  ECF No. 5-1, p. 7.  All of these motions were denied.  *Id.*

On November 17, 2010, Petitioner, proceeding pro se, filed for post-conviction relief in the Circuit Court for Baltimore County.  ECF No. 5-5; ECF No. 5-6, p. 2.  Through counsel, he filed a supplemental petition on August 3, 2011.  ECF No. 6-1; ECF No. 5-6, p. 2.  As construed by the circuit court, Petitioner claimed that:  (1) he was improperly denied a preliminary hearing; and (2) his trial counsel was ineffective in failing to object to the introduction of certain

---

[3]     The Court of Special Appeals noted that Petitioner had presented the issues as:

I.     Did the trial court err in determining that the State had introduced sufficient evidence to satisfy the "accomplice corroboration" rule?
II.     Did the trial court err in denying Appellant's motion for judgment of acquittal?
III.     Did the trial court err in stating to the jury, in several instances, that Appellant's trial would be short?

ECF No. 5-2, p. 2 n.2.

2

photographs.[4]  ECF No. 5-6, p. 2.  A hearing was held on September 21, 2011.  *Id.*, p. 1.  On September 22, 2011, Petitioner's state post-conviction petition was denied.  *Id.*, p. 7.[5]  Petitioner thereafter filed an application for leave to appeal the denial of post-conviction relief.  ECF No. 5-7.  He argued that his trial counsel failed to file any pre-trial motions and performed ineffectively when he failed properly to preserve the record for appeal, specifically by failing to object to the admission of photographic evidence.  *Id.*, pp. 4-5.  The application was denied by the Maryland Court of Special Appeals on April 8, 2013.  ECF No. 12, p. 1.  The court's mandate issued on May 9, 2013.  *Id.*

As noted above, Petitioner's Application for Issuance of a Writ of Habeas Corpus was received by this court on October 19, 2012.  In it, Petitioner presented two claims of error for the court's review: that he was not assigned counsel until the time for filing pre-trial motions had passed, and that belatedly-appointed counsel was ineffective.  ECF No. 1, p. 2-3.  On January 17, 2013, Respondent filed a Limited Answer to the Petition, in which he argued that the Petition should be dismissed as unexhausted because Petitioner still had matters pending in state court relating to the judgment being challenged in this court.  ECF No. 5, p. 1.  Petitioner, in his Reply to Respondent's Limited Answer, claimed that he had no pending matters in state court related to the constitutional issues raised here and that all adversarial proceedings in the higher state courts had been exhausted.  ECF No. 6, p. 4.  Accordingly, the court issued an Order, directing Respondent to file a supplemental response addressing the merits of Petitioner's claims, as it

---

[4]     In his original state post-conviction petition, Petitioner alleged that his rights to a preliminary hearing and effective counsel had been violated.  ECF No. 5-5, p. 2.  He also alleged that no pre-trial motions had been filed on his behalf and that his counsel had failed to object to the trial judge's negative comments.  *Id.*  In his supplemental petition and at hearing, Petitioner abandoned several grounds asserted in his *pro se* petition and proceeded on those alleged in the supplemental petition, ECF No. 5-5, p. 2; ECF No. 5-6, p. 2.

[5]     Both the Memorandum Opinion and Order were signed on September 22, 2011.  ECF No. 5-6, pp. 6-7.  However, the docket in Petitioner's criminal case reflects that they were held sub-curia and that they were filed on October 24, 2011.  ECF No. 1, p. 9.

appeared from the exhibits to Petitioner's Reply that he had exhausted his state court remedies. ECF No. 12, p. 2.  On September 2, 2014, Respondent filed his Supplemental Answer to the Petition.  Petitioner filed a Reply to Respondent's Supplemental Answer and an Additional Reply to Respondent's Supplemental Response to Habeas Petition on December 5, 2014, and December 30, 2014, respectively.

## Threshold Considerations

### Exhaustion

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and other claims by way of post-conviction proceedings.  Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

### Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing timely to note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991)(failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986)(failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972)(failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F.

Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post- conviction relief).

A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

> As the Fourth Circuit has explained:
>
> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n. 1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[6] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard,* 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits

---

[6]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

### Framework for Analysis

#### Section 2254

Section 2254 states that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The statutory framework of the federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings."  *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005).  The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt.  *Cullen v. Pinholster*, __U.S. __, 131 S.Ct. 1388, 1398 (2011)(internal quotation marks and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011)("If this standard is difficult to meet, that is because it was meant to be.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:   1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "confronts facts that are materially indistinguishable from a relevant

Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" analysis pursuant to 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, (2010)(quoting *Williams*, 529 U.S. at 411). "Rather, that application must be objectively unreasonable." *Id*. Thus, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams*, 529 U.S. at 410).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. (internal quotation marks and citation omitted).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where

state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379 (quoting 28 U .S.C. § 2254(e)(1)).

*Strickland*

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Representation is deficient if it falls below an objective standard of reasonableness, considering all the circumstances.  *Id.* at 688.

To satisfy the first part of this standard, it must be demonstrated that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases."  *Id.* at 687.  The standard for assessing such competence is "highly deferential" and has a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Id.* at 669.  A federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  A petitioner must overcome the "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."  *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 at 689).   "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect."   *Harrington*, 562 U.S. at 109 (citations omitted) (internal quotation marks omitted); *see also Sharpe*, 593 F.3d at 383 ("Counsel is not required to engage in the filing of futile motions.").   "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Id.* at 105 (citations

8

omitted).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."   *Id.*

The second prong requires the court to consider whether counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   *Strickland*, 466 U.S. at 690-94.   "The benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."   *Id*. at 686.   It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."   *Id.* at 693.   Rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   *Id.* at 687.   A determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient.   *See id.* at 697.   *See id.* at 687.

The principles governing ineffectiveness claims apply in federal collateral proceedings as they do on direct appeal or in a motion for new trial.   *Id.* at 697.   Indeed, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment.   *Id.*

Analysis

In his Petition before this court, Petitioner claims that:

(1)      The Petitioner was not furnished with an attorney until after the time for which most very crucial pre-trial motions were to be filed; and

(2)     The belated assigned attorney was ineffective in representing the Petitioner causing the Petitioner to be convicted of criminal transgressions for which the Petitioner was unaware of.

ECF No. 1, pp. 2-3.[7] Without waiving his exhaustion argument, Respondent argues that "none of the claims raised in Patterson's underlying petition have been raised to all appropriate state courts." ECF No. 13, p. 7. Because the time for doing so has expired, Respondent contends that Petitioner has procedurally defaulted his claims. *Id.*, p. 11.

I.      Lack of Counsel

Petitioner was incarcerated for the crimes of which he eventually was convicted on February 14, 2008. ECF No. 1, p. 2. A public defender was appointed to represent him on May 1, 2008. *Id.* Petitioner alleges that a "request for a preliminary hearing would have made a significant difference in the outcome of the case." *Id.* Petitioner additionally notes that the delay in the appointment of counsel resulted in "hamstringing the Petitioner's ability to suppress evidence and to file preliminary motions." *Id.*, p. 5.

This claim of error was not included in Petitioner's direct appeal of his conviction to the Court of Special Appeals.[8] ECF No. 5-2, p. 2. In his state post-conviction relief application, Petitioner claimed that he was improperly denied a preliminary hearing. ECF No. 5-5, p. 2. He did not, however, link the alleged denial of a preliminary hearing to the delay in the appointment of counsel, as he does in his Petition in this court. ECF No. 5-6, pp. 2-3; ECF No. 1, pp. 2-3.

---

[7]      Respondent summarizes Petitioner's claims as follows: Petitioner was denied his right to counsel at a critical time period, and trial counsel was ineffective for failing to object to the admission of photographs and for failing to make a proper motion for judgment of acquittal. ECF No. 13, p. 7.

[8]      Petitioner stated generally that the errors in this case "are not waived because they were the result of ineffective assistance of counsel in violation of Petitioner's Sixth Amendment right to counsel." ECF No. 5-5, p. 3. He correctly notes that "[p]ost conviction proceedings are the preferred vehicle for litigating ineffective assistance of counsel claims." *Id.* (citing *Mosley v. State*, 836 A.2d 678, 684 (2003)). However, he did not present this claim as an ineffective assistance of counsel claim to the state post-conviction court, and he does not do so here.

Rather, Petitioner stated that: "Before going to trial I inquired through my attorney (Christopher Purpura) as to when I was going to have a preliminary hearing concerning the charges levied against me.  It never happened."  ECF No. 5-5, p. 2.  The circuit court found that Petitioner had waived this claim by failing to raise it within ten days of his arrest.  ECF No. 5-6, p. 3 (citing Md. Rule 4-221(a); Md. Rule 4-213(a)(3)).  The court also observed that "[t]rial counsel was not appointed by the Office of the Public Defender to represent Petitioner until May 1, 2008, long after that time expired, so the failure to request a preliminary hearing cannot be blamed on counsel."[9] *Id.*

The court concludes that this ground for relief has been procedurally defaulted.  *See Breard*, 134 F.3d at 619 ("If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim.").  The post-conviction court provided an independent and adequate ground for dismissing Petitioner's claim with regard to the failure to request a preliminary hearing.  Moreover, Petitioner has demonstrated neither cause for his procedural default, nor prejudice resulting therefrom.  In this court, Petitioner blames the failure to file a motion for a pre-trial hearing on the delay in the appointment of counsel which, read generously, could be considered "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time."  *Breard,* 134 F.3d at 620 (internal citations omitted).  However, as discussed below, Petitioner has made no showing of how the lack of a preliminary hearing prejudiced him.  Indeed, he has not explained what he intended a preliminary hearing to

---

[9]      This statement by the circuit court does not negate the fact that Petitioner presented this claim in an entirely different light before this court, not as a result of counsel's failure to file such a motion, but, rather, that the lack of counsel during a crucial period resulted in the lack of filing of pre-trial motions, including a motion for a preliminary hearing.

accomplish.  Although Petitioner affirms that he is actually innocent of the crimes for which he was convicted, ECF No. 16, p. 6; ECF No. 21, p. 4, other than his own statements, he has provided no evidence that he is actually innocent.  Therefore, he has failed to demonstrate that he "falls within the narrow class of cases ... implicating a fundamental miscarriage of justice." *Schlup*, 513 U.S. at 314-15 (alteration in original) (internal quotation marks omitted).

Even if not procedurally defaulted, the claim would fail on the merits, as the circuit court found.  The post-conviction court stated that "Petitioner admitted to his own lack of legal sophistication, and could not precisely articulate the nature of the hearing to which he felt he was entitled.  Petitioner's attorney was unable to further clarify what type of hearing Petitioner was denied."  ECF No. 5-6, p. 2.  Petitioner has provided no further information to this court. Therefore, the court defers to the post-conviction court's findings.  *See Bell*, 543 U.S at 455 ("As we have said before, § 2254(d) dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt.")(citations and internal quotation marks omitted).

In his Application for Leave to Appeal the Denial of Post-Conviction Relief, Petitioner recharacterized this claim, alleging that trial counsel failed to file any pre-trial motions.  ECF No. 5-7, p. 4.  He claimed that:  "The Petitioner's right to effective counsel was undermined, by his trial counsel, when said counsel <u>failed to file any pre-trial motions</u> to dispute a plethora of erroneous information in the prosecutor's probable cause discovery packet.  Counsel failed to request an evidentiary hearing to exonerate Petitioner."  *Id.*, p. 5.  This is the extent of Petitioner's argument with regard to the failure to file pre-trial motions.

Again, Petitioner's focus is not on the lack of appointment of counsel in a timely manner, but on counsel's failures, in the circuit court, to request a preliminary hearing and in his application

for leave to appeal to seek an evidentiary hearing.  In his application for leave to appeal the circuit court's ruling to the Court of Special Appeals, Petitioner's only conceivable attempt to demonstrate cause is his claim that counsel was ineffective.  However, this does not constitute a factor "external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time."  *Breard,* 134 F.3d at 620.  As for prejudice, Petitioner has not provided any information as to the "plethora of erroneous information" provided or how a pre-trial hearing would have exonerated him.

The court concludes that Petitioner has procedurally defaulted his first ground for relief by failing to "fairly present[]" it to all appropriate state courts.  *See O'Sullivan*, 526 U.S. at 848; *see also id.* at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  Even if not procedurally defaulted, Ground One fails on the merits.

II.      Effectiveness of Counsel

Petitioner next claims that his trial counsel was ineffective, resulting in his conviction. ECF No. 1, p. 3.  Petitioner alleges that appointed counsel was deficient in failing to preserve an issue, specifically the objection to the admission of still photographs, and for failing to make a proper motion for judgment of acquittal on one of the counts which, according to Petitioner, was not supported by any evidence.  *Id.*

A.      Failure to preserve issue

Petitioner alleges that defense counsel was deficient for failing to preserve an issue, by not objecting to the admission of still photographs into evidence at trial.  *Id.*  Petitioner argues that:

> At trial, the State admitted still photos (without objection from defense attorney)
> for their probative value.   The still photos are the only evidence that even

> remotely link the Petitioner to the incident, and without them, the State could not
> have proved its case.  There was no foundation provided to properly admit the
> photos.  If the trial counsel had objected to the admission of the still photos
> coming into evidence, the argument would have made a viable package for
> appeal.

*Id.*  Petitioner asserts that the state post-conviction court erroneously stated that defense counsel

did not object to the admission of the still photos as a "trial tactic."  *Id.*, p. 4.

Petitioner presented this issue in his supplemental state post-conviction application.  ECF

No. 6-1, p. 4; ECF No. 5-6, p. 2.  He also presented the claim in his application for leave to

appeal the denial of his post-conviction petition to the Court of Special Appeals.  ECF No. 5-7,

p. 6.  Nonetheless, Respondent argues that the claim has been procedurally defaulted because

Petitioner "filed an untimely pro se application for leave to appeal [the circuit court's] ruling."

ECF No. 13, p. 6.

There is a great deal of confusion as to when, and where, Petitioner filed his application

for leave to appeal the denial of his state post-conviction petition.  Petitioner affirms that he "did

timely file an Application for Leave to Appeal directly to the Clerk of the Circuit Court for

Baltimore County."  ECF No. 16, p. 4; ECF No. 16-3, p. 1.  Petitioner signed the Application on

November 11, 2011.  ECF No. 5-7, p. 10.  There is no docket entry in the circuit court reflecting

this alleged filing.  ECF No. 5-1, p. 9.  However, there is a letter from the Chief Deputy Clerk of

the Court of Special Appeals to the Clerk of the Circuit Court dated July 19, 2012, enclosing "an

Application for Leave to Appeal to the Court of Special Appeals that was erroneously filed in

our Court on November 3, 2011 by the defendant in the above-referenced case.  We are

forwarding it to you for appropriate handling."  ECF No. 5-7, p. 1.  Petitioner's application is

date-stamped by the Court of Special Appeals as having been received in the clerk's office on

November 3, 2011.  *Id.*, p. 2.  The circuit court docket contains an entry on July 31, 2012, for an Application for Leave to Appeal.  ECF No. 5-1, p. 9.[10]

The Court of Special Appeals denied Petitioner's application for leave to appeal on April 8, 2013.  ECF No. 13-6.  The court's mandate issued on May 9, 2013.  *Id.*

In its July 2, 2014, Order, this court stated that it appeared "from exhibits attached to the Response to the Petition, that Petitioner's application for leave to appeal was misfiled and not forwarded for processing until July 19, 2012."  ECF No. 12, p. 1.  Given the confusion described above, the court will afford Petitioner the benefit of the doubt and assume that he timely filed his application for leave to appeal.  Therefore, the court turns to the merits of the claim.

Petitioner challenges trial counsel's failure to object to the admission of still photos taken from video surveillance at a Macy's store where Petitioner's alleged accomplice, Eva Hawkins, used a stolen credit card to make purchases.  ECF No. 13-1,[11] pp. 55-56.  The photographs purport to show Petitioner in the store in the vicinity of Ms. Hawkins while she was shopping and, subsequently, the two leaving the store.  *Id.*  When the assistant state's attorney moved to admit the photos into evidence, defense counsel stated "No objection."  *Id.*, p. 56.

Petitioner argues that his "Sixth Amendment right to the effective assistance of counsel was violated, due to the fact, that the belated assigned attorney failed to object to the only evidence (still photos) used to convict the Petitioner."  ECF No. 1, p. 5.  He reiterates his contention that there was no foundation provided to properly admit the evidence.  *Id.*[12]

---

[10]     Petitioner's exhibits also include a notice from the Clerk of the Circuit Court for Baltimore County, dated October 5, 2012, which states that "[y]our petition was destroyed in the mail by the post office.  Please resubmit your petition so that everything can be read."  ECF No. 16-4, p. 1.  It is unclear whether this statement refers to Petitioner's application for leave to appeal, or to some other filing.

[11]     ECF Nos. 13-1 and 13-2 are the trial transcript.

[12]     Petitioner additionally argues that:

The post-conviction court addressed the issue of the admission of the photos at length:

> Petitioner argues that it constituted ineffective assistance when his attorney failed to object to the admission of the Macy's Photos. Petitioner urges that the Photos were not properly authenticated at trial, and therefore inadmissible. Petitioner argues that his attorney should have objected, because the State did not provide a proper foundation to admit the Macy's Photos into evidence. At trial the State showed Detective Healy the photos, and asked "[d]o you recognize what those photographs are?" The Detective replied "[y]es, I do," and proceeded to describe what the photographs showed. Without any further questions, the State moved to admit the Photos, and Petitioner's attorney stated he had no objection. Petitioner argues that this failure to object was deficient, because proper authentication of photographs requires testimony as to the "process used, manner of operation of the cameras, the reliability or authenticity of the images, or the chain of custody of the pictures."
>
> As to *Strickland's* first prong, the decision by Petitioner's attorney not to object to the admission of the Photos was not deficient, but rather constituted a calculated trial tactic. There is no contention that the Photos could not have been authenticated, or that a Macy's employee was not available to authenticate the Photos if required at trial.
>
> The defense was that the Petitioner was not complicit in the criminal activity that occurred while he was in Macy's. There was no assertion that he wasn't present in the store. At the hearing on this Motion, Petitioner's trial attorney testified that he was aware the Macy's employee was on the State's witness list. He saw no benefit in requiring additional testimony to authenticate the Photos, particularly since Petitioner's presence in the store was not disputed. Therefore, counsel did not object to the Photos being admitted.
>
> As to *Strickland's* second prong, Petitioner has not shown how he was prejudiced by his attorney's failure to object. If the attorney had objected to improper foundation, the State could have asked additional questions of Detective Healy, or put the Macy's employee on the stand to authenticate the Photos. Because of the availability of the Macy's employee, there is little doubt that the Photos would have been admitted even over Petitioner's objection at trial. There is therefore no substantial likelihood that Petitioner was prejudiced by his attorney's failure to object to the Photos.

---

During the Court's opening instructions to the jury, the judge explicitly stated that the evidence will come in the form of testimony, not photos. Any proficient attorney would have objected to the still photos once the judge explicitly stated, before trial, that there would only be testimony at the trial.

ECF No. 1, p. 4 (internal citation omitted). This argument can be dispensed with easily. The trial judge actually said that "[t]he evidence will come in the form, I think primarily, of testimony." ECF No. 13-1, p. 29. The judge did not specifically rule out the admission of evidence other than testimony. Petitioner is simply mistaken.

ECF No. 5-6, pp. 4-5 (alterations in original)(internal citations omitted).

Although Petitioner disputes the post-conviction court's findings that trial counsel's failure to object was trial strategy and that there was no assertion at trial that Petitioner was not in Macy's during the time in question, these are exactly the kind of factual findings to which this court must defer.  *See* 28 U.S.C. § 2254(e)(1).  Petitioner's trial counsel testified at the hearing. Ms. Hawkins testified at the hearing.[13]  Detective Healy testified regarding the photos.  The circuit court explained its reasoning thoroughly.  As noted previously, "[w]here the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe*, 593 F.3d at 378.  "This is especially so when the court resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)."  *Id.* at 379 (quoting 28 U.S.C. § 2254(e)(1)).

The court concludes that Petitioner has not satisfied his burden of showing, by clear and convincing evidence, that the post-conviction court erred, or overcome the presumption that trial counsel's conduct was sound trial strategy under the circumstances.  *Strickland*, 466 U.S. at 689. While Petitioner disagrees with the characterization of counsel's inaction as a "trial tactic," in any event no reasonable argument can be made that counsel's conduct was not "within the range of competence normally demanded of attorneys in criminal cases," *id.* at 687, thereby satisfying *Strickland*'s (and § 2254(d)'s) deferential standard, *Harrington*, 562 U.S. at 105.

Nor can Petitioner demonstrate prejudice from trial counsel's lack of objection to admission of the still photographs.  As the state post-conviction court found, had counsel

---

[13]       In this regard, the court observes that the testimony of Ms. Hawkins contradicts Petitioner's statements that the photos were "the only evidence that even remotely link[ed] the Petitioner to the incident, and without them, the State could not have proved its case," ECF No. 1, p. 3, and that the photos were "the only evidence (still photos) used to convict the Petitioner," *id.,* p. 5.

objected, the state could have had Detective Healy testify further regarding the photos or had the Macy's employee testify.   Although Petitioner disputes that there was a Macy's employee available to testify, counsel acknowledged that one appeared on the state's witness list who could have been called to testify.[14]  Thus, objecting to the photos' admission would have been futile, *cf. Sharpe*, 593 F.3d at 383 ("Counsel is not required to engage in the filing of futile motions."), as the circuit court found.  Therefore, Petitioner was not prejudiced by the lack of an objection, and the first part of Petitioner's ineffective assistance of counsel claim fails.

B.      Failure to move for judgment of acquittal

Turning to Petitioner's second allegation of ineffective assistance of counsel, Petitioner argues that counsel should have made a "proper motion for judgment of acquittal on one of the counts, when that count was not supported by any evidence."  ECF No. 1, p. 3.  The court concludes that this ground, too, has been procedurally defaulted.

Petitioner did not include any allegation regarding failure to make a motion for judgment of acquittal in his *pro se* state post-conviction petition.  ECF No. 5-5, p. 2-3.  In his supplemental petition, the only reference to this issue occurred in the context of failure to preserve the record for appeal:

> [I]n *Testerman v. State*, 170 Md.App.324 (2006), the Court of Special Appeals found that there was ineffective assistance of trial counsel, when counsel failed to preserve the record for appeal.  Specifically, defense counsel failed to make a proper motion for judgment of acquittal on one of the counts, when that count was not supported by evidence.  Accordingly, the "failure to preserve the record" remains a viable theory of ineffective assistance.

---

[14]      Petitioner characterizes trial counsel's testimony on this point as a "false statement, by defense counsel, Christopher Purpura, that the creator of the only inculpatory evidence, the video tape from Macy's, was available for questioning at Petitioner's jury trial on June 26, 2008.  The creator of the tape was never available." ECF No. 5-7, p. 5.  The post-conviction court found otherwise, noting the availability of the Macy's employee.  ECF No. 5-6, p. 5.

ECF No. 6-1, p. 4.  Petitioner then goes on to address the allegation that trial counsel failed to preserve the record when he failed to object to the admission of photographic evidence discussed above, *id.*, with no further discussion regarding a motion for judgment of acquittal.  He did not include the issue in his application for leave to appeal the denial of his state post-conviction petition.  ECF No. 5-7.  Moreover, Petitioner concedes that the claim is procedurally defaulted, because he was in segregation and his legal documentation had been confiscated at the time he filed his state habeas corpus petition.  ECF No. 16, p. 11.

Even if not procedurally defaulted, the claim would clearly fail on the merits.  First, Petitioner does not identify which count should have been the subject of a motion for judgment of acquittal, or explain how the count was not supported by evidence.  Second, the trial transcript reveals that defense counsel made two motions for judgment of acquittal, once at the close of the State's case, ECF No. 13-2, pp. 18-20, and again after Petitioner declined to testify, *id.* pp. 21-22.  Although the motions do not refer to a specific count, counsel cannot be found to be ineffective, under the S*trickland* standard, on this basis.

Again, Petitioner has failed fairly to present his claim that counsel failed to make a proper motion for judgment of acquittal to all appropriate state courts, thereby procedurally defaulting the claim.  *See O'Sullivan*, 526 U.S. at 845, 848.  Moreover, this portion of Petitioner's second ground for relief fails on the merits.

## Conclusion

For the reasons stated herein, the court will deny and dismiss the Petition with prejudice. Additionally, a Certificate of Appealability is not warranted as it may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall be denied.  *See* 28 U. S.C. § 2253(c)(2).  Denial of a Certificate of Appealability in the district court does not preclude Patterson from requesting a Certificate of Appealability from the appellate court.

A separate Order follows.


  May 18, 2015  
Date

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge